# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DANNY L. HUVAL**                                    **CIVIL ACTION**

**VERSUS**                                            **NO. 23-1277-BAJ-SDJ**

**FEDERAL GOVERNMENT**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 13, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNY L. HUVAL                                          CIVIL ACTION

VERSUS                                                 NO. 23-1277-BAJ-SDJ

FEDERAL GOVERNMENT

_____

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Complaint against Defendant Federal Government, filed on September 7, 2023. (R. Doc. 1). On May 22, 2025, the Court granted Plaintiff's Motion to Proceed in Forma Pauperis. (R. Doc. 9). As Plaintiff is now proceeding IFP, the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the Complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

I.      Nature of Plaintiff's Allegations

Plaintiff's Complaint alleges that he has information regarding people who are hacking cell phone towers and satellites, installing cameras and sensors in people's homes, and using drones to transport drugs, and confessing to various other crimes. (R. Doc. 1 at 1-2). He continually refers to "the frequency",[1] an alleged form of radiation directed at Plaintiff and affecting his health. (R. Doc. 1 at 3-5). Plaintiff claims to have spoken to the FBI about this information. (R. Doc. 1 at 4). Plaintiff further alleges that his loved ones are also being targeted, but that the frequency causes them to forget. (R. Doc. 1 at 5). Plaintiff asserts that he has agreed with his doctor to go to a mental

---

[1] Also "the sounds", "the voices", or "voice trimming", which have a similar effect, causing pain, effects on the nervous system, nosebleeds, a sound of static, voices, etc.

institution, and that he is seeing a specialist for the effects of the frequency and a brain tumor. (R. Doc. 1 at 7). The Complaint cites no specific conduct by Defendant but instead asks the Court to catch the unidentified people targeting Plaintiff and his family.[2] (R. Doc. 1 at 8).

## II.     Legal Standards

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)      is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

---

[2] Between November 5, 2024, and February 21, 2025, Plaintiff sent five different letters to the Court detailing further symptoms and reinforcing the request

Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

### III.    Discussion

Here, Plaintiff has not alleged wrongful conduct by any named defendant; rather, it seems Plaintiff seeks the help of criminal investigative services. Plaintiff has failed to state a claim upon which relief may be granted because (1) there is no actual defendant against whom the claims are brought, and (2) the Court cannot grant the kind of relief Plaintiff seeks—the Court is not an

investigative service or law enforcement agency. Furthermore, Plaintiff's Complaint alleges a type of mind control or hypnosis through the use of sound waves (R. Doc. 1 at 3), the use of witchcraft to influence people's minds (R. Doc. 1 at 8), and voices projected into Plaintiff's mind (R. Doc. 1 at 8-9). These allegations are clearly not grounded in reality and must be dismissed as frivolous. Given the lack of any factual allegations against a named defendant—and indeed that Plaintiff's prayer for relief is merely for the Court to catch the alleged perpetrator(s) rather than asserting any legal claims, and because of the nature of Plaintiff's allegations, any amendment would be futile.

## IV.    Conclusion

For the reasons discussed above, the undersigned **RECOMMENDS** that this action be **DISMISSED** per 28 U.S.C. §1915(e)(2)(B).

Signed in Baton Rouge, Louisiana, on May 13, 2026.


_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**